14-415-cr (L)
United States v. Jereis, Annabi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fifteen.

PRESENT: GERARD E. LYNCH,
　　　　　SUSAN L. CARNEY,
　　　　　　　　　*Circuit Judges,*
　　　　　JOHN G. KOELTL,
　　　　　　　　　*District Judge.*[*]

_____

UNITED STATES OF AMERICA,

　　　　　　　　*Appellee,*

　　　v.　　　　　　　　　　　　　　　　　　Nos.　14-415-cr (L)
　　　　　　　　　　　　　　　　　　　　　　　　　14-447-cr (C)

ZEHY JEREIS, SANDY ANNABI,

　　　　　　　　*Defendants - Appellants,*

ANTHONY MANGONE,

　　　　　　　　*Defendant.*

_____

_____

[*] The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

FOR APPELLEE:                          JASON P.W. HALPERIN, Assistant United States Attorney (Perry A. Carbone, Justin Anderson, Assistant United States Attorneys, of counsel), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT JEREIS:        PAULA SCHWARTZ FROME, Paula Schwartz Frome, Esq., Garden City, New York.

FOR DEFENDANT-APPELLANT ANNABI:        EDWARD V. SAPONE, Law Office of Edward V. Sapone, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Defendants-appellants Zehy Jereis and Sandy Annabi appeal from an order of the district court denying their motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33. We assume the parties' familiarity with the underlying facts and procedural history of this case, and we recite them only as necessary to explain our decision.

This case involved an alleged bribery scheme associated with Annabi's service on the Yonkers City Council. Jereis and Annabi were charged in an indictment with conspiracy to commit bribery, in violation of 18 U.S.C. § 371; conspiracy to commit mail and wire fraud through the deprivation of honest services, in violation of 18 U.S.C. § 1349; receiving corrupt payments, in violation of 18 U.S.C. § 666; and extortion, in

2

violation of 18 U.S.C. § 1951. The indictment also charged Jereis with giving corrupt payments to a public official, in violation of 18 U.S.C. § 666, and charged Annabi with receiving corrupt payments, in violation of 18 U.S.C. § 666; making false statements in loan applications, in violation of 18 U.S.C. § 1014; and subscribing to false tax returns, in violation of 26 U.S.C. § 7206(1). The indictment alleged that, as part of the conspiracy, Jereis would make periodic payments to Annabi in return for Annabi's willingness to use her position on the City Council in ways that would benefit Jereis. With respect to one development project in the area (the "Longfellow Project"), the indictment alleged that Jereis and another co-defendant, cooperating witness Anthony Mangone, brokered a deal in which Annabi agreed to support the project, which she had initially opposed, in return for a bribe from the prospective developer of the project. On another project (the "Ridge Hill Project"), the indictment alleged that Jereis arranged for Annabi's support in exchange for his own receipt of a consulting contract from the developer. A jury convicted both defendants on all counts in which they were charged, and the district court sentenced Jereis principally to 48 months' imprisonment and Annabi principally to 72 months' imprisonment.

Jereis and Annabi appealed their convictions to this Court, and we affirmed. *United States v. Annabi*, 560 F. App'x 69 (2d Cir. 2014). While the appeal was pending, however, the government discovered that one of its witnesses, Franco Milio – one of the principals of the development company behind the Longfellow Project – had not revealed that he had paid a $5,000 bribe to a municipal official while he was cooperating with the

3

government (although prior to his actually executing a cooperation agreement). Because he had not disclosed this bribe to the government, the prosecutor argued at trial that Milio had never bribed a public official other than in connection with this case.

After the government informed them of this information, defendants moved for a new trial, arguing that the newly discovered evidence was material, non-cumulative evidence going to a key witness's credibility. The defendants argued that, had the jury known about Milio's illegal conduct and violation of his cooperation agreement with the government, and that any implication in Milio's testimony that he had disclosed all of his past crimes to the government was false, it likely would not have convicted the defendants. The district court denied the motion.

We review a district court's denial of a motion for a new trial pursuant to Rule 33 for abuse of discretion. *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013). "[T]he trial court's discretion to decide whether newly discovered evidence warrants a new trial is broad because its vantage point as to the determinative factor – whether newly discovered evidence would have influenced the jury – has been informed by the trial over which it presided." *United States v. Stewart*, 433 F.3d 273, 296 (2d Cir. 2006).

A district court can vacate a judgment and grant a new trial "if the interest of justice so requires," Fed. R. Crim. P. 33, including on the basis of newly discovered evidence, "if, among other things, the evidence is so material and non-cumulative that its admission would probably lead to an acquittal." *United States v. Amato*, 540 F.3d 153, 164 (2d Cir. 2008). Courts are to do so, however, "only in the most extraordinary

4

circumstances." *United States v. Parkes*, 497 F.3d 220, 233 (2d Cir. 2007) (internal quotation marks and emphasis omitted). A defendant seeking a new trial pursuant to a Rule 33 motion must show: (1) that the evidence is newly discovered after trial; (2) that the court can infer due diligence on the part of the movant to obtain that new evidence; (3) that the new evidence is material, and (4) "not merely cumulative or impeaching"; and (5) that the evidence "would likely result in an acquittal." *James*, 712 F.3d at 107 (internal quotation marks omitted). Evidence that "merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable" does not provide a basis for a new trial, *id.*, while impeachment evidence "where the witness at issue supplied the only evidence linking the defendant(s) to the crime, . . . or where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case" can be material, *United States v. Payne*, 63 F.3d 1200, 1210 (2d Cir. 1995) (internal quotation marks and citations omitted).

We agree with the government that the newly discovered bribe is merely cumulative impeachment material. Milio was thoroughly impeached at trial on a number of grounds, including through his own testimony revealing that he had committed various tax offenses, including personal, corporate, and payroll tax evasion; hired undocumented immigrants to work on his rental properties; made under-the-table cash payments at real estate closings to conceal unreported cash income; and provided gratuities to municipal employees, including building inspectors, on various occasions, although he claimed that he did not ask for any favors in return. Although none of those offenses is identical to the

5

newly discovered bribery offense, Milio admitted to numerous crimes, many of which involved far larger sums of money than the $5,000 bribe at issue here. The district court reasonably concluded that disclosure of the additional offense would have had little if any further effect on the jury's assessment of Milio's credibility in light of his other, previously disclosed crimes. The additional disclosure therefore would not have been "likely [to] result in an acquittal." *James*, 712 F.3d at 107 (internal quotation marks omitted).

Somewhat more troubling is the false impression given at trial that Milio had disclosed all of his past crimes to the government as part of his cooperation agreement. A jury aware that Milio had concealed from the government and from the jury a crime committed while he was cooperating may have been less willing to credit Milio's testimony.[1] But Milio's testimony was not the "only evidence linking the defendant(s) to the crime." *Payne*, 63 F.3d at 1210; *see also United States v. Seijo*, 514 F.2d 1357, 1360 (2d Cir. 1975). Other evidence in the record, including, for example, telephone records,

---

[1] In *United States v. Seijo*, we held that a witness's "false denial" of a prior conviction was serious enough to "create . . . a sufficient doubt in the minds of enough jurors to affect the result," 514 F.2d 1357, 1364-65 (2d Cir. 1975). Unlike in *Seijo*, however, where the witness was explicitly asked in the presence of the jury whether he had been convicted of drug-related offenses in the past and falsely denied it, Milio was never explicitly asked at trial about additional offenses beyond those disclosed. Moreover, the witness in *Seijo* denied that he had "any criminal record in his adult life," *id*. at 1364 – a far cry from what Milio revealed to the jury here. Finally, the court described the *Seijo* witness's testimony as "uncorroborated" and regarded his reliability as possibly "determinative of innocence or guilt." *Id*. As explained in the text, that too is a far cry from the situation here.

emails, and records of Annabi's purchases and bank accounts, along with testimony from other witnesses, corroborated Milio's testimony linking Jereis and Annabi to illegal conduct. Moreover, because Milio testified that his father gave the bribe money for the Longfellow project not to either defendant, but to Mangone, it was ultimately the testimony of Mangone – who testified that he received that money from Milio's father and passed it on to Jereis – that was critical to the Longfellow counts. Finally, Milio's testimony was not even relevant to the other counts upon which the defendants were convicted.

We are thus firmly persuaded that the newly discovered evidence of Milio's additional bribery offense, as well as any doubts about Milio's credibility possibly engendered by his failure to disclose it to the government or to the jury, would not have been likely to convince the jury to acquit the defendants. These circumstances do not give rise to "a real concern that an innocent person may have been convicted." *United States v. Canova*, 412 F.3d 331, 349 (2d Cir. 2005) (internal quotation marks omitted). Defendants claim that this additional information would have bolstered the defense theory that it was Milio, not Jereis, who originally suggested the bribe to Mangone, and that Mangone had taken the money for himself, without any involvement on the defendants' part. But the key issue as to that theory was not who suggested that the payment be made, but whether Mangone had kept the money or paid it to the defendants, and the critical testimony refuting the defense came not from Milio, who had no direct conversation with the defendants about a bribe, but from Mangone.

7

Defendants also argue that the district court should at least have held a hearing or ordered further discovery regarding the Milio bribe incident, in light of the government's statement that it was "continuing to investigate the matter." But the district court did not abuse its discretion in deciding that it had at its disposal the facts necessary for it to decide the Rule 33 motion. Defendants have not pointed to any additional issues that required clarification, nor have they even speculated as to what additional discovery or a hearing may have unearthed that would have redounded to their benefit.

We have considered defendants' remaining arguments and find them to be without merit. Because the district court did not abuse its discretion in denying defendants' Rule 33 motion, we **AFFIRM** the decision and order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court